# EXHIBIT 1

## NOTICE OF CLAIM

TO:    Mr. Jim Owczarski                      Alfonso Morales, Chief of Police
       Clerk, City of Milwaukee             City of Milwaukee Police Department
       200 E. Wells Street                    749 West State Street
       Room 205                              Milwaukee, WI 53233
       Milwaukee, WI 53202

Re:    Daryl D. Holloway
       Racine Correctional Institution
       PO Box 900
       Sturtevant, Wisconsin 53177-0900

### INTRODUCTION

This is a Notice of Claim for damages as a result of the false arrest and incarceration of Daryl Dwayne Holloway ("Holloway") by officers and employees of the Milwaukee Police Department. Pursuant to this Notice of Claim, Holloway, as the claimant, hereby seeks monetary relief against the City of Milwaukee, its police department and officers and agents and demands the payment of the sum of $3,200,000.00 for his incarceration. The amount demanded is $2,200,000.00 for his compensatory damages and $1,000,000.00 for his punitive damages.

### CIRCUMSTANCES OF CLAIM

1.    Claimant Holloway is an adult citizen of the United States, who was born on February 28, 1968. Mr. Holloway currently is incarcerated at the Racine Correctional Institution. He may be contacted through his counsel, Attorney Nathaniel Cade, Jr., at the address identified below.

*[Stamp: CITY CLERK'S OFFICE CITY OF MILWAUKEE 2019 MAY 23 AM 11: 49]*

*[Signature] Marshall 5/23/19 12:46 pm*

2. Holloway previously provided a Notice of Injury to the City of Milwaukee and to the Milwaukee Police Department on January 31, 2017. A true and correct copy of the Notice of Injury is attached hereto as **Exhibit A**.

3. In late summer and fall of 1992, Milwaukee police were investigating a series of sexual assaults that had occurred on the East Side of the City of Milwaukee.

4. Holloway was taken into custody during this sex assault investigation in the fall of 1992, and Milwaukee police officers had him participate in lineup identification proceedings and provide samples for forensic examination.

5. As a result of the Milwaukee Police Department's investigation and recommendations made to the District Attorney, Holloway was charged with two counts of first-degree sexual assault and two counts of armed burglary relating to same in State of Wisconsin v. Daryl Dwayne Holloway, Case No. F-923636 (also denominated as 1992-CF-3636) in the Milwaukee County Circuit Court.

6. From the time that Holloway was first taken into custody and questioned about the September 2 and 26, 1992 sexual assaults, Holloway has consistently denied his involvement and has maintained his innocence.

7. During the course of the Milwaukee police investigation, the victims of the assaults charged in 92-CF-3636, were shown Holloway's photograph, which the victims did not identify.

8. The victims of the September 2, 1992 and September 26, 1992 sexual assaults subsequently viewed a lineup, in which Milwaukee police had Holloway participate. Upon information and belief, no other persons depicted in the photographs

shown to the two sex assault victims were later included in the lineup proceedings that contained Holloway as a part of that lineup.

9. While neither victim could be sure that Holloway was the assailant based on his face features, he was chosen from the lineup because of general build and voice.

10. Other physical evidence that Milwaukee police obtained from the two sex assault crime scenes and the victims, did not match Holloway, such as a shoe print that was found at one scene. There were no fingerprint, hair, fiber, blood or semen samples found by Milwaukee police that conclusively matched Holloway as being the perpetrator of the two sexual assaults. Some of the physical evidence excluded Holloway as being the source.

11. The FBI Crime Laboratory was doing forensic DNA analysis and comparison, as were some other government and private laboratories in late 1992 and 1993. The Milwaukee Police Department did not submit forensic evidence samples related to the two sexual assaults for which Holloway was charged with to the FBI Crime Lab for DNA analysis. Upon information and belief, the Wisconsin State Crime Lab may not yet have been conducting such testing at this time, but the FBI Lab was nonetheless available.

12. Holloway exercised his constitutional right to a jury trial, and after presentation of the evidence, arguments of counsel and jury deliberation, he was convicted of the Sept. 2 and Sept. 26, 1992 sexual assault and burglary charges, on August 6, 1993.

13. Holloway was sentenced on September 13, 1993 to thirty (30) year prison sentences on each count, to run consecutive to each other, for a total of 120 years in

prison.

14. Holloway was transferred to the custody of the Wisconsin Department of Corrections and thereafter remained incarcerated in state prison until he was released from state custody on October 6, 2016.

15. Following his 1993 conviction, Holloway filed an appeal, which was denied. He and his family subsequently sought legal assistance to further investigate and challenge his convictions.

16. Holloway retained Attorney Raymond Dall'Osto of Gimbel, Reilly, Guerin & Brown LLP with regards to Holloway's on-going postconviction effort in the mid-2000's. DNA expert Dr. Alan Friedman was engaged to review forensic evidence and help seek new DNA testing.

17. DNA testing was requested by Attorney Dall'Osto, and he and Milwaukee Assistant District Attorney Norman Gahn had numerous communications and meetings, and Gahn agreed to authorize new DNA testing to be performed by the Wisconsin State Crime Lab. This round of testing showed that there may have been a different source of the seminal fluid evidence obtained from the assault victims than Holloway.

18. Dr. Friedman subsequently recommended that further DNA testing be conducted, using the Y-STR method. Holloway's family had run out of funds for any further DNA testing to be done.

19. Holloway continued to profess his innocence, and Attorney Dall'Osto continued his efforts, communicating and meeting again with ADA Gahn. Following their meeting in late 2013, Attorney Dall'Osto again approached the Wisconsin Innocence Project to undertake new DNA testing for Holloway, utilizing the Y-STR method.

20. The Wisconsin Innocence Project subsequently agreed to accept Holloway's case, obtained funding for and had new Y-STR testing done. Former ADA Gahn and the Milwaukee County District Attorney's Office cooperated in retrieving the necessary samples to be retested from the closed case evidence file.

21. In 2016, the new DNA test results showed that Holloway was excluded as the source for the September 1992 sexual assaults. He did not assault the victims and had been wrongly convicted and imprisoned.

22. The Innocence Project and ADA Gahn discussed the new testing results and the District Attorney's Office and Gahn's successor, considered the new evidence. An internal review of the case facts and evidence was also conducted by the District Attorney's Office.

23. Ultimately, in early October 2016, a stipulation and joint recommendation to vacate Holloway's judgment of conviction and dismiss the charges with prejudice was agreed to, signed and filed with the Circuit Court. A copy of the stipulation is attached hereto as **Exhibit A, at Exhibit 1**.

24. The Hon. Jeffrey Wagner, Milwaukee County Circuit Court Judge, considered and approved the stipulation and signed the order vacating Holloway's convictions and dismissing the charges with prejudice on October 4, 2016. A copy of the order is attached hereto as **Exhibit A, at Exhibit 2**.

25. The order vacating Holloway's convictions and sentence was subsequently conveyed to the Wisconsin Department of Corrections. On October 6, 2016, Holloway was released from the Green Bay Correctional Institution and Department of Correction's custody.

26. As a direct and proximate result of the intentional, reckless and/or negligent acts and omissions of the above-referenced Milwaukee Police Department, its officers and employees, which acts and omissions were carried out under the authority of the City of Milwaukee, Holloway was wrongfully convicted and imprisoned for approximately 24 years. Holloway suffered a significant loss of freedom, loss of employment, income and benefits, including retirement and social security contributions, and he suffered other injuries, disability, pain, suffering, separation from his family, emotional distress and loss of reputation arising from the police investigation, his arrest and wrongful conviction and imprisonment.

## **RELIEF SOUGHT**

Demand is hereby made for $3,200,000.00 for Holloway's injuries.

Dated this 23rd day of May, 2019.

                                          **CADE LAW GROUP LLC**

                            By: _____
                                Nathaniel Cade, Jr., SBN 1028115
                                P.O. Box 170887
                                Milwaukee, WI 53217
                                (414) 255-3802 (o)
                                (414) 255-3804 (f)
                                nate@cade-law.com

                                Attorneys for Daryl D. Holloway.

cc:    Grant F. Langley, Esq. (w/enc. – via first-class mail)
        City Attorney

# EXHIBIT A

# NOTICE OF INJURY

TO:     City of Milwaukee Police Dept.     City Clerk
           Edward Flynn, Chief of Police     ATTN: CLAIMS
           749 West State Street                 200 East Wells St., Room 205
           Milwaukee, Wisconsin 53233       Milwaukee, WI 53202

The following is a notice of injury made pursuant to section 893.80(1), *Stats.* This document is not a claim for damages. No claim for damages is made at this time.

1. Claimant, Daryl Dwayne Holloway (Holloway), is an adult citizen of the United States, who was born on February 28, 1968. Since his release from state prison in October 2016, Holloway has and still resides with his brother at 3726 North 6th Street, Milwaukee, Wisconsin 53212.

2. The City of Milwaukee Police Department is an agency of the City of Milwaukee, which is a city government organized and existing under Chap. 62, *Stats.*, and the laws of the State of Wisconsin.

3. The Administrative Office of the City of Milwaukee Police Department is located at 749 West State Street, Milwaukee, Wisconsin 53233. Edward Flynn currently serves as the Chief of Police, and he is the official under whom the law enforcement officers of the Milwaukee Police Department serve. Sec. 62.13, *Stats.*

4. In late summer and fall of 1992, Milwaukee police were investigating a series of sexual assaults that had occurred on the East Side of the city.

5. Holloway was taken into custody during this sex assault investigation in the fall of 1992, and Milwaukee police officers had him participate in lineup identification proceedings and provide samples for forensic examination.

6. As a result of the Milwaukee Police Department's investigation and recommendations made to the District Attorney, Holloway was charged with two counts of first degree sexual assault and two counts of armed burglary relating to same in *State of Wisconsin v. Daryl Dwayne Holloway*, Case No. F-923636 (also denominated 92-CF-3636) in the Milwaukee County Circuit Court.

7. From the time that Holloway was first taken into custody and questioned about the September 2 and 26, 1992 sexual assaults, Holloway has consistently denied his involvement and has maintained his innocence.

8. During the course of the Milwaukee police investigation, the victims of the assaults charged in 92-CF-3636, were shown Holloway's photograph, which the victims did not identify.

9. The victims of the September 2 and 26, 1992 sexual assaults subsequently viewed a lineup, in which Milwaukee police had Holloway participate. Upon information and belief, no other persons depicted in the photographs shown to the two sex assault victims were later included in the lineup proceedings that Holloway was in.

10. While neither victim could be sure that Holloway was the assailant based on his face features, he was chosen from the lineup because of general build and voice.

11. Other physical evidence that Milwaukee police obtained from the two sex assault crime scenes and the victims, did not match Holloway, such as a shoe print that

2

was found at one scene. There were no fingerprint, hair, fiber, blood or semen samples found by Milwaukee police which conclusively matched Holloway as being the perpetrator of the two sexual assaults. Some of the physical evidence excluded him as being the source.

12. Forensic DNA analysis and comparison was being done by the FBI Crime Laboratory and some other government and private laboratories in late 1992 and 1993. The Milwaukee Police Department did not submit forensic evidence samples related to the two sexual assaults that Holloway was charged with to the FBI Crime Lab for DNA analysis. Upon information and belief, the Wisconsin State Crime Lab may not yet have been conducting such testing at this time, but the FBI Lab was nonetheless available.

13. Holloway exercised his constitutional right to a jury trial, and after presentation of the evidence, arguments of counsel and jury deliberation, he was convicted of the Sept. 2 and Sept. 26, 1992 sexual assault and burglary charges, on August 6, 1993.

14. Holloway was sentenced on September 13, 1993 to thirty (30) year prison sentences on each count, to run consecutive to each other, for a total of 120 years in prison.

15. Holloway was transferred to the custody of the Wisconsin Department of Corrections and thereafter remained incarcerated in state prison until he was released from state custody on October 6, 2016.

16. Following his 1993 conviction, Holloway filed an appeal, which was denied. He and his family subsequently sought legal assistance to further investigate and challenge his convictions.

17. Holloway's current legal counsel, Raymond Dall'Osto and Gimbel, Reilly, Guerin & Brown LLP, were retained in Holloway's on-going postconviction effort in the mid-2000's. DNA expert Dr. Alan Friedman was engaged to review forensic evidence and help seek new DNA testing.

18. DNA testing was requested by Attorney Dall'Osto, and he and Milwaukee Assistant District Attorney Norman Gahn had numerous communications and meetings, and Gahn agreed to authorize new DNA testing to be performed by the Wisconsin State Crime Lab. This round of testing showed that there may have been a different source of the seminal fluid evidence obtained from the assault victims than Holloway.

19. Dr. Friedman subsequently recommended that further DNA testing be conducted, using the Y-STR method. Holloway's family had run out of funds for any further DNA testing to be done.

20. Holloway continued to profess his innocence, and Attorney Dall'Osto continued his efforts, communicating and meeting again with ADA Gahn. Following their meeting in late 2013, Attorney Dall'Osto again approached the Wisconsin Innocence Project to undertake new DNA testing for Holloway, utilizing the Y-STR method.

21. The Wisconsin Innocence Project subsequently agreed to accept Holloway's case, obtained funding for and had new Y-STR testing done. ADA Gahn and the Milwaukee County District Attorney's Office cooperated in retrieving the necessary samples to be retested from the closed case evidence file.

4

Case 2:19-cv-01460-LA   Filed 10/04/19   Page 12 of 20   Document 1-1

22. In 2016, the new DNA test results showed that Holloway was excluded as the source for the September 1992 sexual assaults. He did not assault the victims and had been wrongly convicted and wrongly imprisoned.

23. The Innocence Project and ADA Gahn discussed the new testing results and the District Attorney's Office and Gahn's successor, considered the new evidence. An internal review of the case facts and evidence was also conducted by the District Attorney's Office.

24. Ultimately, in early October 2016, a stipulation and joint recommendation to vacate Holloway's judgment of conviction and dismiss the charges with prejudice was agreed to, signed and filed with the Circuit Court. Copy of stipulation attached hereto as Exhibit 1.

25. The Hon. Jeffrey Wagner, Milwaukee County Circuit Court Judge, considered and approved the stipulation and signed the order vacating Holloway's convictions and dismissing the charges with prejudice on Ocober 4, 2016. Copy of order attached hereto as Exhibit 2.

26. The order vacating Holloway's convictions and sentence was subsequently conveyed to the Wisconsin Department of Corrections. On October 6, 2016, Holloway was released from the Green Bay Correctional Institution and Department of Corrections custody.

27. As a direct and proximate result of the intentional, reckless and/or negligent acts and omissions of the above-referenced Milwaukee Police Department, its officers and employees, which acts and omissions were carried out under the authority

5

of the City of Milwaukee, Holloway was wrongfully convicted and imprisoned for approximately 24 years. Holloway suffered a significant loss of freedom, loss of employment, income and benefits, including retirement and social security contributions, and he suffered other injuries, disability, pain, suffering, separation from his family, emotional distress and loss of reputation arising from the police investigation, his arrest and wrongful conviction and imprisonment.

Dated at Milwaukee, Wisconsin this 31st day of January, 2017.

Respectfully submitted,

GIMBEL, REILLY, GUERIN & BROWN, LLP

By: _____
RAYMOND M. DALL'OSTO
State Bar No. 1017569
Attorneys for Claimant, Daryl D. Holloway

POST OFFICE ADDRESS:

330 East Kilbourn Avenue, Suite 1170
Milwaukee, Wisconsin 53202
Telephone: 414/271-1440
Email: dallosto@grgblaw.com

holloway/daryl/notice of injury/2017-01

# EXHIBIT 1

STATE OF WISCONSIN        CIRCUIT COURT        MILWAUKEE COUNTY

STATE OF WISCONSIN,

        Plaintiff,

v.                                      Case No. 1992-CF-923636

DARYL DWAYNE HOLLOWAY,

        Defendant.

---

**STIPULATION WITH JOINT RECOMMENDATION TO VACATE THE JUDGMENT OF CONVICTION AND DISMISS THE CHARGES WITH PREJUDICE**

---

The parties, by Assistant District Attorney Sara Beth Hill on behalf of the State of Wisconsin and Attorney Keith A. Findley of the Wisconsin Innocence Project at the University of Wisconsin Law School on behalf of the defendant, Daryl D. Holloway, hereby stipulate and agree as follows:

1. On August 6, 1993, a jury convicted Mr. Holloway of two counts of first-degree sexual assault under to Wis. Stat. § 940.225(1)(b) and two counts of armed burglary under to Wis. Stat. § 943.10(2)(a).

2. Pursuant to a stipulation of the parties, in August 2015 the court ordered that the evidence that was collected during the investigation of the above-captioned case was to be sent to Bode Cellmark Forensics, an independent third-party laboratory, for forensic DNA analysis.

3. On May 31, 2016, Bode Cellmark Forensics issued a written report with results from the DNA testing, attached as Exhibit 1. Both parties agree the report was exculpatory in nature.

4. The parties agree that the results of the DNA testing qualify as newly discovered evidence because (1) the evidence was discovered after conviction; (2) Mr. Holloway was not negligent in seeking the evidence; (3) the evidence is material to an issue in the case; and (4) the evidence is not merely cumulative. *See State v. Love*, 2005 WI 116, ¶43, 284 Wis. 2d 111, 700 N.W.2d 62.

5. The parties agree that had the evidence been available at Mr. Holloway's trial, a reasonable probability exists that the jury would have reached a different result. *Id.* at ¶44.

6. The parties agree that with this new DNA evidence it would be difficult for the State to prove guilt beyond a reasonable doubt in a retrial and that


EXHIBIT 1

the interests of justice are best served by vacating Mr. Holloway's convictions and dismissing the charges in the above-captioned case with prejudice.

_____  10/4/16      _____  10-3-16
Sara Beth Hill            Date        Keith A. Findley          Date
Bar No. 1027610                       Bar No. 1012149
Assistant District Attorney           Attorney for Daryl D. Holloway
Safety Building                       Wisconsin Innocence Project
821 W. State St.                      University of Wisconsin Law School
Milwauke, WI 53233-1427               975 Bascom Mall
(414) 278-5314                        Madison, WI 53706
                                      (608)-262-4763

2

Case 2:19-cv-01460-LA   Filed 10/04/19   Page 17 of 20   Document 1-1

# EXHIBIT 2

STATE OF WISCONSIN     CIRCUIT COURT     MILWAUKEE COUNTY



STATE OF WISCONSIN,

        Plaintiff,

v.                             Case No. 1992-CF-923636

DARYL DWAYNE HOLLOWAY,

        Defendant.

## FINDING OF FACT AND ORDER TO VACATE CONVICTIONS AND DISMISS CHARGES WITH PREJUDICE

Upon stipulation of the parties, the Court hereby makes the following findings of facts:

     1. On August 6, 1993, a jury convicted Daryl D. Holloway of two counts of first-degree sexual assault under to Wis. Stat. § 940.225(1)(b) and two counts of armed burglary under to Wis. Stat. § 943.10(2)(a).

     2. Pursuant to a stipulation of the parties, in August 2015 the court ordered that the evidence that was collected during the investigation of the above-captioned case was to be sent to Bode Cellmark Forensics, an independent third-party laboratory, for forensic DNA analysis.

     3. On May 31, 2016, Bode Cellmark Forensics issued a written report with results from the DNA testing. The report was exculpatory in nature.

     4. The results of the DNA testing qualify as newly discovered evidence because (1) the evidence was discovered after conviction; (2) Mr. Holloway was not negligent in seeking the evidence; (3) the evidence is material to an issue in the case; and (4) the evidence is not merely cumulative. *See State v. Love*, 2005 WI 116, ¶43, 284 Wis. 2d 111, 700 N.W.2d 62.

     5. A reasonable probability exists that, had the evidence been available at Mr. Holloway's trial, a jury would have reached a different result.

     6. The State has represented that, with this new DNA evidence, it is unlikely that the State could prove guilt beyond a reasonable doubt in a retrial.

     7. The parties have stipulated that the interests of justice are accordingly best served by dismissing this case with prejudice.

1

EXHIBIT 2

## ORDER

For these reasons,

IT IS HEREBY ORDERED that the defendant's convictions in this case are vacated; and

IT IS FURTHER ORDERED that the charges are dismissed, with prejudice.

Dated this 4th of October, 2016.

BY THE COURT:

HON. THOMAS J. MCADAMS-ELT.
JEFFREY A. WAGNER

2