UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DARYL L. HOLLOWAY,

    Plaintiff,

v.

    Case No.: 2019-CV-1460

CITY OF MILWAUKEE, et al.

    Defendants.

**PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANT CITY OF MILWAUKEE AND ITS COUNSEL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11(b)(1) AND LOCAL RULE 7(h)**

Plaintiff Daryl L. Holloway ("Holloway" or "Plaintiff"), by and through his undersigned counsel, Cade Law Group LLC, files this motion pursuant to Fed. R. Civ. P 11(b)(1) and Local Rule 7(h) requesting the Court issue sanctions against Defendants for willfully ignoring the Court's order (Dkt. #65) allowing Plaintiff to sue the Estates of decedent Milwaukee Police Department ("MPD") detectives George Ellenberger and William Stawicki named in the above-entitled action. More specifically, Defendant City of Milwaukee, on behalf of the Estates of George Ellenberger and William Stawicki, filed a motion to dismiss on January 24, 2020. Dkt. #18. The Court denied the motion to dismiss, and also denied Plaintiff's motions for default judgment (Dkt. #s 39 and 45), by holding that Plaintiff could sue the Estates of Ellenberger and Stawicki. Dkt. #s58 and 65. Plaintiff then filed an amended complaint naming the Estates of Ellenberger and Stawicki. Dkt. #66. Defendant City of Milwaukee, by Attorney Susan Lappen, has now filed another motion to dismiss, Dkt. #78, aimed at Plaintiff's amended complaint, naming the Estates,

for the very reason the Court directed Plaintiff to file an amended pleading – to name the Estates of each officer, rather than the individual officer. This is a frivolous pleading.

Fed. R. Civ. P 11(b)(1) specifically provides that:

> By presenting to the court a pleading, written motion, or other paper . . . an attorney . . . certifies that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances . . . it is not being presented of any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

Here, the Defendant City of Milwaukee filed its first motion to dismiss against two former and now-deceased MPD detectives named in this action, George Ellenberger and William Stawicki. There, Defendant argued that because Ellenberger and Stawicki predeceased the filing of this lawsuit and could not accept the summons and complaint personally, the Court would be unable to subject them to judgment due to lack of jurisdiction. Additionally, that motion suggested that Plaintiff did not properly plead a cause of action against either defendant detective since the summons and complaint were never properly served.

During a hearing in which the Defendant's first motion to dismiss and Plaintiff's default judgment motion were denied, the Court specifically directed Plaintiff to submit an amended complaint to name the Estates rather than the defendant detectives individually. With that order, Plaintiff subsequently filed its amended complaint suing the Estates of Ellenberger and Stawicki. Now, Defendant filed a second motion to dismiss after Plaintiff followed a direct order from Judge Adelman to sue the detectives' Estate.

In filing another motion to dismiss, yet again challenging the sufficiency of the complaint in suing the Estates, Defendants continue to increase the cost of litigation and disregard the Court's order concerning this exact issue. Such actions have wasted the

Court's time and resources as well as unnecessarily delayed the continuation of this case. "The duty to the legal system is to avoid clogging the courts with paper that wastes judicial time and thus defers the disposition of other cases or, by leaving judges less time to resolve each case, increases the rate of error." *Mars Steel Corp. v. Continental Bank N.A.*, 880 F.2d 928, 932 (7th Cir. 1989).

Attorney Lappen was provided an opportunity to withdraw this pleading on July 17, 2020, or more than 21 days ago, but has chosen to not do so. Declaration of Nathaniel Cade, at ¶¶ 5-7 and Exs. 1-2.

Defendants' and counsel's actions are deserving of sanctions due to willful disregard of Court orders and for failing to handle this issue in good faith.

Dated this 14th day of August, 2020.

**CADE LAW GROUP LLC**

By: _____
Nathaniel Cade, Jr., SBN 1028115
P.O. Box 170887
Milwaukee, WI 53217
(414) 255-3802 (phone)
(414) 255-3804 (fax)
nate@cade-law.com

Attorneys for Plaintiff