**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN**

DARYL L. HOLLOWAY,

    Plaintiff,

v.

CITY OF MILWAUKEE, ESTATE OF GEORGE ELLENBERGER, DANIEL RUZINSKI, WILLIAM HEROLD, MICHAEL CARLSON, GREGORY NOWAKOWSKI, JOSEPH LAGERMAN, ESTATE OF WILLIAM STAWICKI, JOHN DOES 1-20, MICHAEL J. BACKES, ABC INSURANCE COMPANY, GERALD BOYLE, BRIDGET BOYLE, and XYZ INSURANCE COMPANY, STEPHEN F. FOLEY and DEF INSURANCE COMPANY.

    Defendants.

Case No.: 2019-CV-1460

**BRIEF IN OPPOSITION TO DEFENDANT STEPHEN F. FOLEY'S
MOTION TO DISMISS ON THE PLEADINGS**

NOW COME Plaintiff Daryl L. Holloway ("Plaintiff" or "Holloway"), by his attorney, and as for his response to Defendant Stephen F. Foley's ("Defendant" or "Foley") motion to dismiss, argues as follows:

**INTRODUCTION**

The issue before the Court is whether Plaintiff has sufficiently pled allegations against Defendant to withstand the low threshold to defeat a motion to dismiss. These allegations include maintaining the state law claim of legal malpractice against Defendant for failing to object irregularities in Holloway's lineup to preserve the record. Plaintiff requests this Court deny the Motion to Dismiss because Plaintiff's claims against Defendant make up the same case and controversy needed to maintain supplemental

jurisdiction under 28 U.S.C. § 1367. Additionally, Plaintiff argues that the action against Defendant is sufficiently pled and not time-barred.

## STATEMENT OF FACTS

Defendant Foley is a licensed attorney in the State of Wisconsin and is a former attorney for Plaintiff. He was retained to represent Holloway before his conviction and to ensure that Plaintiff's liberties were protected.

MG was raped on September 2, 1992, in Milwaukee, Wisconsin. Amended Complaint ¶ 25. During the assault, MG saw partial features such as the eyes, forehead, and hairstyle of her assailant, as well as hearing his voice. Amended Complaint ¶ 26. MG was unable to identify her assailant from three different viewings of police photographs and arrays. Amended Complaint ¶ 26. On September 30, 1992, a lineup took place in which Holloway was included. Amended Complaint ¶ 28.

On September 29, 1992, GD was raped in Milwaukee, Wisconsin. Amended Complaint ¶ 36. GD was only able to see her assailant from the rear as he was exiting her room and was never able to see his face. Amended Complaint ¶ 37. On the same September 30, 1992, lineup in which Holloway participated, GD identified Plaintiff as her assailant. Amended Complaint ¶ 43. Before the lineup, GD was shown a third photo array which contained a photograph of Holloway. Amended Complaint ¶ 42. Defendant represented Holloway at this lineup and should have spotted the irregularities among the other men in the lineup. Amended Complaint ¶ 44.

In September 1992, LG's home in Shorewood, Wisconsin, was burglarized and items were stolen. Amended Complaint ¶ 51. Subsequently, Holloway was picked up for loitering in Shorewood and his fingerprints matched a stolen item from LG's home.

2

Amended Complaint ¶ 53. However, a later search of Holloway's home failed to turn up any other stolen items. Amended Complaint ¶ 53. Although LG had seen the thief, she failed to pick Holloway out in the lineup on September 30. Amended Complaint ¶ 55.

Holloway was initially represented by Michael Backes ("Backes") in preliminary matters leading up to trial. Amended Complaint ¶ 18. There is no evidence indicating that Backes requested DNA testing on the samples given by Holloway, including saliva and blood provided to the police. Amended Complaint ¶ 48. Additionally, Backes did not object to the evidence procured at the lineup nor did he ensure that the DNA be tested prior to trial. Amended Complaint ¶ 152. Holloway was sentenced to 120 years in prison following his trial which occurred on August 2 – 6, 1993 before Hon. Jeffrey A. Wagner of the Milwaukee County Circuit Court. Amended Complaint ¶¶ 57, 5. The only evidence used to pin Holloway to the rapes were his fingerprints on LG's stolen item, one victim's claims that Holloway's eyes looked similar, and his voice. Amended Complaint ¶ 59.

Holloway retained Gerald and Bridge Boyle ("Boyles") to handle post-conviction relief. Amended Complaint ¶ 63. Boyles filed an appeal but failed to identify the lack of DNA evidence as a basis to prove Holloway's innocence. Amended Complaint ¶ 63. The DNA tests would have excluded Holloway as a suspect for any of the rapes. Amended Complaint ¶ 65. The Boyles dropped Holloway's case which prompted Holloway to seek assistance with the Wisconsin Innocence Project where attorney Ray Dall' asto was retained. Amended Complaint ¶ 68.

Holloway was exonerated and his conviction was overturned on October 4, 2016, when additional DNA testing conclusively showed that Holloway was not the perpetrator in either rape. Amended Complaint ¶¶ 70-71. Holloway was freed from prison on

October 5, 2019. Amended Complaint ¶ 71.

## ARGUMENT

I. **Standard of Review**

A motion to dismiss under F. R. Civ. P. 12(b)(6) "challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). In making its determination on a motion to dismiss, the court construes the complaint "in the light most favorable to the nonmoving party, accept[ing] well-pleaded facts as true, and draw[ing] all inferences in her favor." *Reger Dev. LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010).

Importantly, to survive a motion to dismiss for failure to state a claim, the complaint must overcome "two easy-to-clear hurdles": (1) "the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds on which it rests"; and (2) "its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level[.]'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008). Hence, a ". . . plaintiff must give enough details about the subject-matter of the case to present a story that holds together. In other words, the court will ask itself could these things have happened, not did they happen." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) (emphasis in original).

II. **Summary of Legal Argument**

Defendant's motion to dismiss should be denied for the following reasons: First, supplemental jurisdiction is appropriate in this matter because the underlying facts in

Holloway's § 1983 claims make up the same case and controversy, making it appropriate for the Court to preserve judicious resources to hear the cases together. Second, the allegations made by Holloway in the Amended Complaint plausibly suggest acts or omissions of Foley that caused harm to Holloway, namely, failing to object to lineup irregularities and for failing to reexamine physical DNA evidence to prove Holloway's innocence. Also, Plaintiff's legal malpractice claim is sustainable despite other attorneys' negligent conduct. Lastly, the claims against Defendant are not time-barred based on the well-known actual innocence and discovery rule.

### III. Supplemental Jurisdiction is Proper and Should Be Exercised

The Court should exercise supplemental jurisdiction over the state law claim of legal malpractice against Defendant because the impact of Defendant's representation of Holloway is directly related to the underlying civil rights claim to form the same case and controversy. Additionally, doing so would be efficient and would preserve judicial resources of the litigants and the court system.

Defendant's failure to spot and correct irregularities throughout Holloway's investigation cost him over two decades of punishment for crimes he never committed, as well as emotional distress and other harms to be determined at trial. Holloway was found innocent as a matter of law; Defendant's role in the civil rights claim is critical and directly related to the same set of facts which are used against the City of Milwaukee and other named defendants. Pursuant to § 1367(a), courts may exercise supplemental jurisdiction over state-law claims and extend that jurisdiction to all claims that are sufficiently related to the claim or claims on which their original jurisdiction is based to be part of the same case or controversy within the meaning of Article III of the Constitution.

The exercise of supplemental jurisdiction is highly discretionary, *see Sellars v. City of Gary,* 453 F.3d 848, 852 (7th Cir. 2006), and "[a] loose factual connection between the claims is generally sufficient" to satisfy the requirements of supplemental jurisdiction. *Ammerman v. Sween,* 54 F.3d 423, 424 (7th Cir. 1995). In exercising that discretion, the court should consider several factors, including "the nature of the state law claims at issue, their ease of resolution, and the actual, and avoidable, expenditure of judicial resources ...." *Timm v. Mead Corp.,* 32 F.3d 273, 276 (7th Cir. 1994).

The test for relatedness under § 1367(a) requires that the state and federal claims at issue "derive from a common nucleus of operative facts," where generally requires only a "loose factual connection between the claims." *Ammerman v. Sween,* 54 F.3d 423, 424 (7th Cir. 1995) (citing, *inter alia, United Mine Workers of America v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966) *and* 13B Charles A. Wright, Arthur R. Miller, and Edward H. Cooper, *Federal Practice and Procedure* § 3567.1, at 117 (2d ed.1984)). *See also Doe v. City of Chicago,* 883 F. Supp. 1126, 1142 (N.D.Ill.1994) ("A state law claim is part of the same case of controversy for Article III purposes when the state and federal law claims arise from 'a common nucleus of operative fact.' This common nucleus will generally exist if 'considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding.'") (citing *Gibbs*); *Fasco Indus., Inc. v. Mack,* 843 F. Supp. 1252, 1256–57 (N.D.Ill.1994), *LaSalle National Trust, N.A. v. Schaffner,* 818. 1161, 1165 (N.D.Ill.1993).

Here, the legal malpractice claim against Foley is not separately maintainable and determinable without any reference to the underlying facts of Holloway's wrongful

6
Case 2:19-cv-01460-LA   Filed 09/11/20   Page 6 of 15   Document 97

conviction and is derived from a common nucleus of operative facts. To illustrate, in *Chaney v. City of Chicago*, the plaintiff ("Chaney"), brought a civil rights action and state law claim against county sheriffs, deputies, police officers, and his former public defender. 901 266, 268 (N.D. Ill 1995). Chaney was detained wrongfully as a suspect in a double homicide and sexual assault occurred on the north side of Chicago. *Id*. at 267. Chaney was incarcerated at the Cook County Department of Corrections following his arrest and was deprived of various civil rights such as deliberate indifference to medical treatment, for example. *Id*. at 269. Nonetheless, Chaney was released from custody after Chicago authorities concluded that he was not the assailant. *Id*. at 268.

Chaney asserts a state law legal malpractice claim against his public defender for failing to prove his innocence. *Id*. at 270. The state law malpractice claim fell outside of the court's jurisdiction prompting the court to determine whether supplemental jurisdiction would be appropriate to exercise. *Id*. In Chaney's original and amended complaints, he alleges that the City of Chicago police officers arrested him without a warrant or probable cause and that this practice was consistent with a policy or custom. *Id*.

At this point, the court agreed that the federal claims against the City of Chicago police officers and the state legal malpractice claim against his public defender were supplemental to one another and would therefore exercise supplemental jurisdiction over the claims. *Id*. It was not until Chaney *voluntarily* dismissed the City and its officers did the court find that the claims against the public defender were not so related to the remaining claims against several sheriffs and deputies. *Id*. The court held that "the federal claim to which the malpractice claim was supplemental is no longer a part of this action." *Id*. In its reasoning, and before Chaney's voluntary dismissal of the City and Chicago

7

police officers, the *Chaney* court conferred supplemental jurisdiction because the claim against the City and officers was exacerbated by the attorney's incompetence. *Id*.

The *Chaney* court willingly conferred supplemental jurisdiction over the § 1983 claim and the legal malpractice claim. There are similarities between the public defender's actions in *Chaney* and Foley's conduct here despite the *Chaney* court's decision not to exercise supplemental jurisdiction. Not only are the claims against Foley and the City of Milwaukee's police officers tangentially related, but the claims are also "so related that they form part of the same case or controversy". 28 U.S.C § 1367.

Chaney's complaint alleged that he retained new counsel who established new DNA testing to confirm Chaney's innocence. *Id*. Surprisingly likewise, Holloway retained new counsel who reexamined the available DNA to corroborate Holloway's innocence. Foley's role as Holloway's attorney was to ensure Holloway's innocence was proven and that any irregularities in the investigation preserved on the record, rather than exacerbate Holloway's innocence. Regardless, the court in *Chaney* had no concern finding that, before Chaney's voluntary dismissal of claims against the City of Chicago and its named officers, the state law claim of legal malpractice against his attorney would support the exercise of supplemental jurisdiction under § 1367.

Therefore, this Court should exercise supplemental jurisdiction over the state claims of legal malpractice against Defendant.

## IV. The Claims Allegations Against Defendant are Facially Plausible

Here, as with all motions to dismiss, the court must accept all well-pleaded facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Anicich v. Home Depot U.S.A., Inc.*,

852 F.3d 643, 648 (7th Cir. 2017). "This is the light in which the Court's references in *Twombly,* repeated in *Iqbal,* to the pleader's responsibility to 'state a claim to relief that is plausible on its face' must be understood." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L. Ed.2d 929 (2007); *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949, 173 L. Ed.2d 868 (2009). Fed. R. Civ. P 8(a) requires "showing" – rather than a blanket assertion – of entitlement to relief. Although the plaintiff is not required to provide detailed factual allegations, the statement of the claim must include plausible factual allegations concerning all material elements of the claim. *See Ashcroft v. Iqbal*, 566 U.S. 622, 678 (2009).

"Plausibility" in this context does not imply that the district court should decide whose version to believe, or which version is more likely than not; instead, the court expressly distanced itself from the latter approach in *Iqbal,* stating that "the plausibility standard is not akin to a probability requirement." 129 S.Ct. at 1949. In other words, the court will ask itself *could* these things have happened, not *did* they happen. For cases governed only by Rule 8, it is not necessary to stack up inferences side by side and allow the case to go forward only if the plaintiff's inferences seem more compelling than the opposing inferences. *Compare Makor Issues & Rights, Ltd. v. Tellabs Inc.,* 513 F.3d 702, 705 (7th Cir. 2008).

### A. Plaintiff's Allegations Against Defendant in Count X are Plausible

The opposition attempts to argue that Count X of Plaintiff's Amended Complaint is too remote and speculative to support the claim that Foley engaged in legal malpractice during his tenure as Holloway's counsel. While defending against a motion to dismiss, a plaintiff is free to allege, without any evidentiary support, any facts he

pleases that are consistent with the complaint, to show that there is a state of facts within the scope of the complaint that if proved (a matter for trial) would entitle him to judgment. *Early v. Bankers Life and Casualty Co.,* 959 F.2d 75, 78 (7th Cir. 1992); *Orthmann v. Apple River Campground, Inc.,* 757 F.2d 909, 915 (7th Cir. 1985). A plaintiff does not have to plead those facts. *Id*.

To prove legal malpractice, a plaintiff must show: (1) existence of the lawyer-client relationship; (2) acts constituting the alleged negligence; (3) negligence as the proximate cause of the alleged injury; and (4) the fact and extent of injury. *Lewandowski v. Continental Cas. Co.,* 88 Wis. 2d 271, 277, 276 N.W.2d 284, 287 (1979). The final element (the fact and extent of injury) involves showing that, but for the alleged negligence of the attorney, the client would have been successful in the defense of the action. *Id.*

In essence, a successful legal malpractice case requires a plaintiff to prove "suit within a suit." *Helmbrecht v. St. Paul Ins. Co.,* 122 Wis. 2d 94, 103, 362 N.W.2d 118, 124 (1985). Thus, to succeed, a plaintiff has to establish that not only was the lawyer negligent, but also must prove that the case would have been won absent the negligence. Functionally, this further inquiry answers whether the malpractice was of any consequence; in other words, did the alleged error cause any damage to the plaintiff? *Cook v. Continental Cas. Co.,* 180 Wis. 2d 237, 250, 509 N.W.2d 100, 105 (Ct. App.1993).

Moreover, to prove causation in a legal malpractice action in the criminal context, ". . . the convicted criminal must show that, but for his former attorney's conduct, he would have been successful in the criminal lawsuit." *Tallmadge v. Boyle*, 2007 WI 47, ¶ 19, 300 Wis. 2d 510, 730 N.W.2d 173. Being successful in a criminal lawsuit "is not merely to

have a court grant a motion or even order a new trial. Success in this context . . . means proving to a jury that the convicted criminal is innocent of all [charges] for which he was convicted." *Id.*

Here, Holloway was proven innocent as a matter of law on October 4, 2016, after spending twenty-four years in prison for rapes he never committed. Defendant, after establishing a lawyer-client relationship with Holloway, negligently failed to object to irregularities in the lineup and to test blood and saliva DNA procured by the Milwaukee police. The errors made by Defendant have a direct and proximate causal connection to the deprivation of Plaintiff's rights, namely, among other damages, the twenty-four years he spent incarcerated for crimes he never committed. Foley lacked a standard of care to protect the rights of his client to the best of his ability. "All an attorney owes to his client is good faith and reasonable skill and diligence in the prosecution of the case." *Dorf v. Relles,* 355 F.2d 488, 492, (7th Cir. 1966) (quoting *Sanitary Hair Goods Co. v. Elliott,* 191 Ill. App 563, 1915 WL 1818). Defendant's conduct in representing Holloway rose above a mere error in professional judgment and resulted in lifelong damages to Plaintiff.

Therefore, the claims asserted against Defendant for legal malpractice are plausible and sufficiently pled in the Amended Complaint.

### B. Defendant Was or Should Have Been Aware of the Alleged Irregularities in the Lineup

The opposition attempts to argue that Defendant could not have been aware of the irregularities with Holloway's lineup and places blame on subsequent attorneys for their lack of lawyering. Specifically, Defendant states that he would have never known to object to Holloway's lineup before trial, nor would the police be willing to share knowledge regarding the lineup.

Defendant is wrong for assuming that all liability should land on other attorneys for their negligence in the matter. In Wisconsin, it is recognized that a "defendant's negligence need not be the only, or even primary, cause of plaintiff's injury in order for the plaintiff to recover damages." *Hicks v. Nunnery,* 253 Wis. 2d 721, 747, 643 N.W.2d 809, 820 (Ct. App. 2002). Rather, a plaintiff may recover if "the defendant's negligence was a substantial factor in producing the injury." *Morden v. Continental AG,* 2000 WI 51, ¶ 60, 235 Wis. 2d 325, 611 N.W.2d 659. As held by the Wisconsin Supreme Court, the plaintiff must be innocent to recover on a legal malpractice claim. *See Harris v. Bowe,* 178 Wis. 2d 862, N.W.2d 159 (Ct. App. 1993).

In the present case, Defendant's negligence in failing to point out irregularities in the lineup and failing to reexamine DNA evidence is causally linked to Holloway's erroneous imprisonment and deprivation of liberty. Although other named defendants' negligence has also affected Holloway's wrongful conviction, Foley is still held responsible for his action (or inaction) in his representation of Holloway. Defendant cannot assume that subsequent attorneys' negligence will absolve him of liability. Nor can he assume that perhaps in a catch twenty-two scenario, that the Milwaukee police officers would have been reluctant to provide certain evidence to Foley for the lineup or any other representational matters. Whether or not the police would share such information with Defendant is a factual dispute that is better raised at summary judgment.

Therefore, Defendant should be held liable for his carelessness in preserving the record and objecting to irregularities in Holloway's lineup. This Court should deny Defendant's motion to dismiss.

### C. The Actual Innocence Rule and Discovery Rule Maintains Holloway's Cause of Action Against Defendant

Finally, Defendant argues that Holloway's claims against him are time-barred based on the *Seltrecht* doctrine for his failure in raising preserving an objection to the irregularities in Holloway's lineup. Defendants are incorrect in their assertion that Holloway is time-barred and is frivolous for raising this point at all.

As established by the Wisconsin Supreme Court, the actual innocence rule "requires a criminal defendant who sues his defense attorney for legal malpractice to establish that the defendant did not commit the crime of which he was convicted." *Skindzelewski v. Smith,* 392 Wis. 2d 117, 121, 944 N.W.2d 575, 577, (2020). The plaintiff in *Skindzelewski* was charged and convicted of theft by contract in the State of Wisconsin. *Id*. Attorney Joseph Smith was appointed by the state for plaintiff's representation. *Id*. at 122. Plaintiff was convicted after pleading guilty to the charges and was sentenced to eight months in jail. *Id*.
However, while serving his sentence, plaintiff obtained new counsel who discovered that his conviction was time-barred by the statute of limitations under Wis. Stat. § 939.74(1). *Id*. Plaintiff subsequently sued former counsel for legal malpractice under the actual innocence rule once his conviction was vacated. *Id*. The court held that the actual innocence rule does not apply because the plaintiff had truly committed the crime and pled guilty to the charges against him. *Id.* at 133. The court reasoned that, although plaintiff's conviction was vacated based on a technicality, the criminal act itself was truly committed by the plaintiff and thus, the law does not recognize this cause of action against the former attorney under the actual innocence rule. *Id*.

Unlike the plaintiff in *Skindzelewski,* Holloway was rendered innocent as a matter of law on October 4, 2016, when DNA evidence excluded him from being the perpetrator in the rapes. From that date, under Wisconsin's residual statute, Holloway had six years to bring a legal malpractice claim against Defendant; thus, Holloway technically has until October 4, 2022, to sue Defendant. *See* Wis. Stat. § 893.53[1]. Holloway maintained his innocence and continued to seek out legal representation until his conviction was invalidated as a matter of law. Unlike the plaintiff in *Skindzelewski,* Holloway never pled guilty nor had he committed the crimes with which he was charged. Defendants cannot argue that Holloway's legal malpractice claim is barred by the statute of limitations as it would simply be inaccurate.

Additionally, the discovery rule permits that the statute of limitations does not accrue until the moment that the plaintiff was aware that harm had occurred. *See generally Borello v. U.S. Oil Co.,* 130 Wis. 2d 397, 406, 388 N.W.2d 140, 143 (1986). The Seventh Circuit has applied the discovery rule to cases involving legal malpractice and statute of limitations. *See Ruckelshaus v. Cowan,* 963 F.3d 614 (7th Cir. 2020).

Holloway, until being rendered innocent as a matter of law on October 4, 2016, was unaware of the severity of harm caused by Defendant's flawed representation. It was at the moment Holloway's DNA results precluded him from being the perpetrator, and his conviction was fully exonerated, that he understood the harm Foley caused. Specifically, the two decades of incarceration that could have been avoided if Foley's standard of practice had been sufficient. The statute of limitations under the discovery rule began to run on October 4, 2016.

---

[1] Wisconsin's residual statute was amended in 2018 from six years to three years, but applies prospectively to the claims presented here.

Thus, the actual innocence rule and discovery rule applies to Holloway's claim of legal malpractice against Defendant and is not time-barred.

## CONCLUSION

For the reasons stated herein, Plaintiff requests that this Court **DENY** Defendant's Motion to Dismiss.

Dated this 11th day of September 2020.

**CADE LAW GROUP LLC**

By: s/Nathaniel Cade, Jr.
Nathaniel Cade, Jr. SBN: 1028115
P.O. BOX 170887
Milwaukee, WI 53217
(414) 255-3802 (phone)
(414) 255-3804 (fax)
nate@cade-law.com

Attorneys for Plaintiff Daryl L. Holloway