# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

___

**DARYL HOLLOWAY,**
                **Plaintiff,**

v.                                                  Case No. 19-cv-1460

**CITY OF MILWAUKEE, et al.,**
                **Defendants.**

___

## DECISION AND ORDER

Defendant Stephen Foley has moved to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction and, alternatively, Rule 12(b)(6) for failure to state a claim. Because this Court lacks jurisdiction over the claims asserted against him, Foley's motion is GRANTED.

## I. BACKGROUND

Plaintiff's amended complaint alleges various civil rights violations under 42 U.S.C. § 1983 against the City of Milwaukee and current and former Milwaukee police officers arising from his arrest and 1993 conviction on two charges of rape for which he served twenty-three years in prison before being exonerated by DNA evidence. Specifically, the amended complaint alleges violation of his right to a fair trial and claims of malicious prosecution and unlawful pretrial detention. ECF No. 66, ¶¶ 112–28. Plaintiff also alleges a conspiracy to deprive him of his constitutional rights, a failure to intervene to prevent the violation of his rights, and a *Monell* claim against the City for failure to train, supervise, and discipline officers. *Id.*, ¶¶ 129–44. Plaintiff sues each of the officers in their individual capacities, alleging they "each acted under color of law and in the scope of their employment in engaging the actions alleged[.]" *Id.*, ¶ 13.

The amended complaint also includes legal malpractice claims under state law against four of his former attorneys. *Id.*, ¶¶ 149–64. Specifically, Defendant Michael Backes, who represented Plaintiff in pretrial proceedings and at trial, allegedly breached his duty to Plaintiff by failing to have any DNA testing done and by failing to object to the admission of evidence from identification lineups, which was "tainted by police misconduct." *Id.*, ¶¶ 18, 48, 149–54. Defendants Gerald Boyle and Bridget Boyle, who represented Plaintiff after conviction, allegedly had DNA proof of Plaintiff's innocence but dropped the case "because they continually demanded more money from [Plaintiff] and his family." *Id.*, ¶¶ 20–21, 63–67, 155–59. And Defendant Foley allegedly breached his duty to Plaintiff by failing to object to irregularities with respect to a pre-trial lineup. *Id.*, ¶¶ 23, 29, 41, 160–64.[1] Federal question jurisdiction exists for the § 1983 claims and Plaintiff asserts that I have supplemental jurisdiction under 28 U.S.C. § 1367 over the legal malpractice claims. *Id.*, ¶ 8.

## II. STANDARD OF REVIEW

28 U.S.C. § 1367(a) provides that district courts have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy. This requirement is met if the state claims "derive from a common nucleus of operative fact" with the original federal claims, *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008) (quoting *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 500 (7th Cir. 1999)), such that the relationship between the federal claim and the state claim permits the conclusion that the entire action comprises one constitutional "case."

---

[1] The timing and extent of Defendant Foley's representation of Plaintiff is unclear. The amended complaint references the lineups, *see* ¶¶ 23, 29, 41, 162, but also alleges that he had a legal duty "during the post-conviction proceedings." ¶ 161. The brief in opposition to this motion also references DNA testing with respect to Foley. *See* ECF No. 97 at 11 ("[Foley], after establishing a lawyer-client relationship with Holloway, negligently failed to object to irregularities in the lineup and to test blood and saliva DNA procured by the Milwaukee police."). Given that the amended complaint almost exclusively references the lineup and makes no mention of representation at trial, I assume that Foley's representation was limited to the lineup.

2

Case 2:19-cv-01460-LA   Filed 11/23/20   Page 2 of 8   Document 102

*City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164–65 (1997) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)). Supplemental jurisdiction is not appropriate merely because the claims are "tangentially related" or share a broad factual background. *Hernandez v. Dart*, 635 F.Supp.2d 798, 814 (N.D. Ill. 2009). "Instead, the question is whether the proof necessary for the state claim overlaps with the proof necessary for the federal claim." *Birdo v. Mathis*, 2015 WL 3948150, at *3 (S.D. Ill. June 26, 2015) (citations omitted).

In Wisconsin, a plaintiff pursuing a legal malpractice claim must prove: (1) an attorney-client relationship existed; (2) the attorney's actions were negligent; (3) the attorney's negligent actions caused the client's injury; and (4) the client suffered an actual injury. *Skindzelewski v. Smith*, 2020 WI 57, ¶ 9 (citations omitted). When the legal malpractice arises from professional services rendered in a criminal case, the client must additionally prove that he was actually innocent of the criminal charge as part of the causation element. *Id.*

### III. DISCUSSION

Defendant Foley argues that supplemental jurisdiction is not present because the legal malpractice claim is not part of the same case or controversy as Plaintiff's claims against the city and it police officers, citing *Zimmerman v. City of Eau Claire*, 2006 WL 2546727 (W.D. Wis. Aug. 29, 2006). The plaintiff in *Zimmerman* brought a civil rights action against Eau Claire and multiple officers, alleging improper coaching of a witness, fabrication of a witness statement, and manufactured/planted evidence, as well as a legal malpractice claim against his trial attorney. The district court dismissed the legal malpractice claim for lack of supplemental jurisdiction, finding that the facts underlying that claim were distinct from the claims against the police officers where, unlike the civil rights claims, the malpractice allegations involved no intentional misconduct. *Id.* at *3. Plaintiff asserts that

3

jurisdiction is present because legal malpractice and civil rights violations constitute the same case or controversy, citing *Chaney v. Chicago*, 901 F.Supp. 266, 270 (N.D. Ill. 1995) in support.

I agree with Defendant Foley. Supplemental jurisdiction requires that state law claims be so related to federal claims such that they form part of the same case or controversy. This is not like the standard case involving the exercise of supplemental jurisdiction, where a plaintiff has alleged singular conduct that violates both state and federal law. Instead, Plaintiff's claims implicate distinct parties in fundamentally different roles, *i.e.*, his civil rights claims are directed not at the justice system as a whole, but at the government that investigated and prosecuted him, a party to which Defendant Foley was fundamentally an adversary in his role as Plaintiff's attorney. *See West v. Atkins*, 487 U.S. 42, 50 (1988) ("A criminal lawyer's professional and ethical obligations require him to act in a role independent of and in opposition to the State."); *Small v. Haas*, 2020 WL 4015736, at *3 (N.D. Ind. July 15, 2020) ("In the case of a criminal defense attorney, even an appointed public defender, the actions of the attorney are not fairly attributable to the state when performing traditional functions as counsel.") (citing *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)).

Here, Plaintiff's case for malpractice is necessarily focused on the attorney's handling of his case applied to a standard for duties and obligations within the scope of an attorney-client relationship; it does not involve (1) the alleged conspiracy and malicious prosecution orchestrated by the police that deprived him of a fair trial, (2) any failure to intervene by other officers, or (3) the City's failure to train those officers, all of which supply jurisdiction in the first place. *See generally*, ECF No. 66. *See also Krueger v. Nagel*, 2020 WL 6273404, at *2 (E.D. Wis. Oct. 26, 2020) ("Criminal defense attorneys cannot be sued under § 1983 because they do not act under the color of state law; *they are the adversary of the State.*")

4
Case 2:19-cv-01460-LA    Filed 11/23/20    Page 4 of 8    Document 102

(emphasis added) (citing *Polk County*). Plaintiff asserts that "Defendant's role in the civil rights claim is critical and directly related to the same set of facts which are used against the City of Milwaukee and other named defendants." ECF No. 97 at 5. But Defendant Foley is not involved in the civil rights claims *at all*; nowhere is he (or any of Plaintiff's other attorneys) mentioned in Counts One through Seven, nor does the amended complaint allege that he *collaborated* with the police to deprive him of his constitutional rights while acting under color of law. *See generally*, ECF No. 66. The claims and the relevant facts must be more than just tangentially related. That these claims share a broad factual background does not change the fact that these are simply two distinct cases; Plaintiff would not be expected to try a legal malpractice claim for negligent representation alongside a theory of intentional police misconduct that does not implicate the relevant attorney as a participant or co-conspirator. *See, e.g., Zimmerman*, 2006 WL 2546727, at *3 ("[P]laintiff does not allege that [defendant-attorney] engaged in any similar acts of misconduct. Additionally, all of plaintiff's civil rights claims concern intentional acts allegedly committed by the police officer defendants while his legal malpractice claim against [defendant-attorney] is entirely void of any allegation of intentional conduct. Accordingly, plaintiff's claims truly are separate and distinct."). Likewise, Plaintiff allegedly suffering the same injury, *i.e.*, wrongful conviction and imprisonment, resulting from the acts of all these defendants is not enough to confer supplemental jurisdiction. *See, e.g., Hutchinson on Behalf of Baker v. Spink*, 126 F.3d 895, 902 (7th Cir. 1997) (civil rights claims brought by mother of child killed in farming accident against social services officials for negligent placement and supervision of child in foster home did not support supplemental jurisdiction over products liability claims against manufacturer of farming equipment involved in the accident); *Didzerekis v. Stewart*, 41 F.Supp.2d 840, 850 (N.D. Ill. 1999) (equal protection claim against the city and police officers for failure to

adequately respond to 9-1-1 call did "not form the same case or controversy as plaintiffs' claims against [deceased's killer] for pain and suffering and wrongful death.").

Finally, I note that there is no indication (nor has Plaintiff shown any) that the constitutional claims for police misconduct will be affected in any way by the absence of his legal malpractice claims. *See Mourning v. Ternes Packaging, Indiana, Inc.*, 2015 WL 13646940, at *3 (S.D. Ind. Aug. 24, 2015) ("[T]hat [Plaintiff]'s federal claims will remain unaffected by the dismissal of the state tort law claims is another signal that supplemental jurisdiction does not exist.") (citing cases). I conclude that supplemental jurisdiction under § 1367(a) is not present. *See, e.g., Zimmerman*, 2006 WL 2546727; *Mooney v. Frazier*, 2008 WL 11429652, at *3 (S.D. W.Va. Nov. 18, 2008); *Mills v. Grant Cty. Det. Ctr.*, 2007 WL 2914213, at *4–5 (E.D. Ky. Sept. 27, 2007).

Although they have not filed similar motions, the same reasoning justifies dismissing Defendants Michael Backes, Gerald Boyle, and Bridget Boyle,[2] against whom Plaintiff also brings state law claims of legal malpractice. *See Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("[F]ederal courts are obligated to inquire into the existence of jurisdiction *sua sponte*.") (citing *Grupo Dataflux v. Atlas Global Grp., L.P.,* 541 U.S. 567, 593 (2004)). The Clerk previously entered default as to Defendants Gerald and Bridget Boyle, however the Court may set aside an entry of default for good cause under Fed. R. Civ. P. 55(c),[3] and may do so *sua sponte*. *See Judson Atkinson*

---

[2] This is particularly so for the Boyles, who rendered their allegedly defective representation *after* the trial and conviction, where Plaintiff's civil rights claims are targeted at the police's allegedly unconstitutional investigation and actions that deprived him of a fair trial.

[3] I previously granted Plaintiff's motions for "default judgment as to liability" as to the two Boyle defendants. *See* ECF Nos. 21, 23, 25, 27, & 83. However, while these motions and order refer to a "default judgment," they also clearly contemplate a subsequent hearing to establish the amount of Plaintiff's damages; therefore, the order at ECF No. 83 does not amount to a final default judgment. *See* ECF Nos. 23 & 27 (proposed orders). *See also, e.g., Strabala v. Zhang*, 318 F.R.D. 81, 89 n.8 (N.D. Ill. 2016); *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004) ("Once the default is established, and thus liability, the plaintiff still must establish his entitlement to the relief he seeks."); Fed. R. Civ. P. 55(b)(2) (court may conduct hearings to determine,

*Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 385–86 (7th Cir. 2008). Lack of underlying subject matter jurisdiction is good cause for setting aside an entry of default. *See Met. Life Ins. Co. v. Estate of Cammon*, 929 F.2d 1220, 1222 (7th Cir. 1991) ("No court may enter judgment on the merits—which a default judgment is—if it lacks jurisdiction."); *Swaim v. Moltan Co.*, 73 F.3d 711, 716 (7th Cir. 1996) (failure to set aside a default judgment a "*per se* abuse of discretion if the district court that entered the judgment lacked jurisdiction") (citing *Bally Exp. Corp. v. Balicar, Ltd.*, 804 F.2d 398, 400 (7th Cir. 1986)); *Strabala*, 318 F.R.D. at 89 (vacating default is justified "if the Court lacks subject matter jurisdiction over the case"). Accordingly, I will vacate the defaults entered as to Gerald and Bridget Boyle and dismiss them and Defendant Backes from this suit for lack of supplemental jurisdiction. *See, e.g.*, *APCO Willamette Corp. v. P.I.T.W.U. Health & Welfare Fund*, 390 F.Supp.2d 696, 701 (N.D. Ill. 2005); *Kirk v. Am. Horizon Ins. Co.*, 2002 WL 1575739 (N.D. Ill. July 16, 2002); *Intercargo Ins. Co. v. U.S. et al.*, 1996 WL 19586, at *3 (N.D. Ill. Jan. 12, 1996). Plaintiff may pursue legal malpractice claims against his former attorneys in state court.[4]

---

among other things, the amount of damages); Fed. R. Civ. P. 58 (governing entry of judgment). Accordingly, the "good cause" standard for setting aside a default applies.

[4] Because I conclude that I lack jurisdiction over these claims, I make no comment on the merits of Plaintiff's legal malpractice claims and the parties' 12(b)(6) arguments.

## IV. CONCLUSION

**THEREFORE, IT IS ORDERED** that the motion to dismiss (ECF No. 85) is **GRANTED**. Plaintiff's legal malpractice claims as to Defendant Stephen Foley are **DISMISSED** for lack of jurisdiction.

**IT IS FURTHER ORDERED** that the Court's order at ECF No. 83 and the Clerk's entries of default as to Defendants Gerald Boyle and Bridget Boyle are **VACATED AND SET ASIDE** for lack of subject matter jurisdiction. Plaintiff's legal malpractice claims as to Defendants Gerald Boyle, Bridget Boyle, and Michael Backes are **DISMISSED** for lack of jurisdiction.

**IT IS FURTHER ORDERED** that Defendants Stephen Foley, Gerald Boyle, Bridget Boyle, Michael Backes, ABC Insurance Company, XYZ Insurance Company, and DEF Insurance Company are **DISMISSED** from this action. The Clerk shall remove these Defendants from the caption, notice list, and service list in this case.

Dated at Milwaukee, Wisconsin, this 23rd day of November, 2020.

s/Lynn Adelman
LYNN ADELMAN
District Judge